(No. 5671—)

MARGARET MANOS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 8, 1976.*

ROBERT LISCO, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

This matter comes before the Court after oral argument on the Petition for Rehearing and the Claimant's Answer to Respondent's Petition for Rehearing.

The Court, having heard oral arguments in said cause and having examined the Respondent's Petition for Rehearing, together with Claimant's Answer to said petition, does find:

That the highway where the accident occurred is one that is very heavily travelled, and from the evidence and the record, it appears to be clear that it is a very rough highway with numerous chuck holes, some of them of considerable size. It is apparent that Respondent was fully acquainted with this situation and that cold patches were used to try to eliminate chuck holes and a dangerous situation.

The testimony of the service station operator in the immediate vicinity is uncontradicted when he stated that this condition had existed for a long period of time.

This Court has repeatedly held that the State of Illinois is not an insurer against all accidents happening on its highways.

This Court has also held that it is incumbent upon the State of Illinois to warn the travelling public of dangerous conditions as they exist.

It is the opinion of this Court that the State did not warn the travelling public in this particular instance as it could have done by warning signs, rough pavement signs, or other signs that would alert the motorist of the fact that there was a dangerous condition existing.

It is incumbent upon the State to reasonably maintain the roads and highways in a safe condition and to warn the travelling public if dangerous conditions exist. This doctrine was clearly set forth in the case of *Scudiero vs. State of Ill., 26 Ill.Ct.Cl. 457* where the following statements were made by the Court:

Although Claimants' witnesses testified that they saw no warning signs, Respondent's witnesses stated that there were rough pavement signs every two miles. This hardly seems adequate when there was no sign at the spot, which all parties stated was one of the worst. Respondent could have exercised reasonable care in maintaining the area by doing the patching job, which took 45 minutes instead of the 'patch holes' job, which was known not to last in heavy traffic, which occurred daily. Respondent's witness, Mr. Galus, also testified that it would have been possible to put up barricades and

flashers if an area is impossible to repair. The condition in question had lasted at least three days to two weeks before the accident. Respondent, through its daily inspections, knew or should have known of the dangerous condition of the road.

Although the State is not an insurer of all who travel on its highways, it does have an obligation to keep its highways in a reasonably safe condition for motorists traveling over them. If the highways are in a dangerously defective condition, the State is negligent if it does not notify the public of such condition.

It is the opinion of this Court that the State failed in its duty to properly warn the public, and that the death of Harry Manos logically followed such neglect. The decision heretofore rendered in this matter is confirmed and the petition for rehearing is denied.